IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HARI SINGH,

    Petitioner,

v.                                                                                          No. 1:26-cv-00258-DHU-GJF

KRISTI NOEM, Secretary, U.S.
Department of Homeland Security;
TODD LYONS, Acting Director,
U.S. Immigration and Customs Enforcement;
PAMELA BONDI, Attorney General of
the United States; and GEORGE DEDOS,
Warden of Cibola County Processing Center,

    Respondents.

## ORDER GRANTING HABEAS PETITION

This matter comes before the Court on Petitioner Hari Singh's Verified Petition for Writ of Habeas Corpus ("Petition"). Doc. 1. Petitioner is currently in immigration detention and alleges that he was unlawfully denied an opportunity for release on bond, in violation of the Immigration and Nationality Act ("INA") and his due process rights. *Id.* at ¶¶ 1-4, 41-60. The Petition asks the Court to declare the Government's interpretation of the INA's pre-removal detention provisions unlawful and to grant a writ of habeas corpus ordering Respondents to immediately release Petitioner, or, in the alternative, to order a bond hearing. *Id.* at ¶ 4. Having considered the parties' briefs and the relevant and applicable law, the Court finds that the Petition should be **GRANTED IN PART**.

1

# I.
# BACKGROUND

Petitioner Hari Singh is a native and citizen of India who has resided in the United States for approximately sixteen years. *Id.* at ¶¶ 5, 22-23. On November 10, 2025, Petitioner was detained by ICE officers in Buffalo, New York and was later transferred to Cibola County Correctional Center in Milan, New Mexico, where he remains detained. *Id.* at ¶¶ 27-29. On December 19, 2025, a bond hearing was held before an Immigration Judge ("IJ") in New Mexico. *Id.* at ¶ 32. The IJ found Petitioner categorically ineligible for bond under *Matter of Yajure Hurtado*, 28 I&N Dec. 216 (BIA 2025). *Id.* at ¶ 33.

On February 3, 2026, Petitioner filed a Petition for Writ of Habeas Corpus. In the Petition, Mr. Singh contends that his mandatory detention under 8 U.S.C. § 1225 is unlawful. *Id.* at ¶ 2. Instead, he argues, he should be entitled to a bond hearing under § 1226(a), *id.* at ¶ 47, and the Government's failure to provide him one violates his due process rights, *id.* at ¶¶ 52-53, 60. The Petition asks this Court to:

(1) Issue a Writ of Habeas Corpus

(2) Enter a Declaratory Judgment that *Matter of Hurtado* is an erroneous interpretation of the INA as applied to long-term interior residents such as Petitioner, and/or that its application to Petitioner violates the Due Process Clause of the Fifth Amendment;

(3) Order Respondents to immediately release Petitioner or, in the alternative, provide him an immediate, individualized bond hearing before a neutral decisionmaker at which the Government bears the burden of justifying continued detention and the decisionmaker considers all relevant factors;

(4) In the alternative, order Petitioner's immediate release from custody, with such conditions of supervision as this Court deems appropriate;

    (5) Award Petitioner his reasonable attorneys' fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and

    (6) Grant any other and further relief that this Court deems just and proper.

*Id.* at 15-16.

On February 6, 2026, this Court issued an Order to Show Cause, requiring Respondents to respond to the Petition within ten business days of service. Doc. 4. The Government timely responded on February 19, 2026. *See* Doc. 6. In the Response, the Government does not dispute the facts alleged by Petitioner. *Id.* Relying on the BIA's decision in *Matter of Yajure Hurtado*, Respondents' position is that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) because he was present in the United States without being admitted or paroled. *Id.* at 2. However, Respondents also acknowledge that this Court reached the opposite conclusion in *Requejo Roman v. Castro*, Case No. 2:25-cv-01076. *Id.* at 2. And the Government concedes that the facts of this case "are not materially distinguishable [from *Requejo Roman*] for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." *Id.*

On February 20, 2026, Petitioner submitted a Reply in support of his Petition. Doc. 8. The Reply reiterates Petitioner's entitlement to relief, particularly in light of Respondents' acknowledgement that "this Court's prior decisions would control the statutory issue presented here[.]" *Id.* at 2. He reiterates his request for a prompt and fair bond hearing with the burden of proof shifted to the Government. *Id.* at 2-3.

## II.
## LEGAL STANDARDS

Habeas relief is available when a person "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Petitioner seeks habeas relief,

arguing he is being unlawfully detained in violation of the INA and his Fifth Amendment due process rights.

The Fifth Amendment's Due Process Clause prohibits the Government from depriving any person of liberty without due process of law. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690, 121 S.Ct. 2491 (2001). The Due Process Clause's protections extend to all persons in the United States, including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* at 693.

## III.
## DISCUSSION

This case is not the first of its kind in this Court. In fact, as the Government acknowledges in its Response, the Court has already considered the statutory and constitutional issues raised by Petitioner. *See Requejo Roman v. Castro et al.*, --F.Supp.3d--, 2026 WL 125681 (D.N.M. 2026); *see also Velasquez Salazar v. Dedos et al.*, --F.Supp.3d--, 2025 WL 2676729 (D.N.M. 2025); *Vega Uribe v. Noem*, No. 2:25-cv-01139, 2026 WL 127621 (D.N.M. Jan. 16, 2026); *Mendoza Rivas v. Noem*, No. 2:25-cv-01311 (D.N.M. Feb. 2, 2026); *Garcia Sanchez v. Noem*, No. 2:25-cv-01293 (D.N.M. Feb. 5, 2026); *Chen v. Unknown Warden*, No. 1:26-cv-00125 (D.N.M. Feb. 19, 2026); *Castellanos Haro v. Noem*, No. 2:26-cv-00175 (D.N.M. Feb. 26, 2026). Because the facts here are not materially different than those the Court analyzed in previous cases, *see* Doc. 6 at 2, the Court's conclusion is the same.

Following its decisions in *Requejo Roman* and *Salazar*, as well as the decisions of the vast majority of other federal courts who have analyzed this issue, the Court holds that noncitizens already present in the United States who entered without inspection are subject to discretionary

detention under 8 U.S.C. § 1226 and are entitled to a bond hearing. Mr. Singh, who entered the United States without inspection and has resided here for approximately sixteen years, is properly detained pursuant to § 1226 and therefore entitled to a bond hearing. The Government's misclassification of Petitioner under § 1225 and resultant denial of a bond hearing deprived him of his right to due process. To ensure Petitioner's due process rights are protected going forward, the factors laid out in *Mathews v. Eldridge* favor shifting the burden of proof to the Government in any future bond hearing. For a detailed account of the Court's reasoning relevant to this decision, *see Requejo Roman v. Castro et al.*.

## IV.
## CONCLUSION

For the reasons stated above, and articulated in greater detail in *Requejo Roman v. Castro et al.*, Petitioner's Petition for Writ of Habeas Corpus is **GRANTED IN PART**.

**IT IS THEREFORE ORDERED** that Respondents provide Petitioner an individualized bond hearing before a neutral Immigration Judge ("IJ") within 7 days of entry of this Order. If Petitioner does not receive such a hearing on or before Wednesday, March 11, 2026, he shall be immediately released. At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and/or a danger to the community in order to justify continued detention. The assigned IJ is hereby ordered not to deny bond based solely on a lack of jurisdiction under the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*.

**IT IS FURTHER ORDERED** that the parties submit a joint status report to the Court no later than Thursday, March 12, 2026, confirming whether a bond hearing was held and the result of said hearing.

Petitioner may submit an application for attorney's fees within 30 days of this Order pursuant to 28 U.S.C. § 2412. Respondents may respond to Petitioner's application for fees no later than 14 days after Petitioner's application is filed with this Court.

**IT IS SO ORDERED.**

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE