**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

HARI SINGH,

       Petitioner,

v.                                     No. 1:26-cv-00258-DHU-GJF

KRISTI NOEM, Secretary, U.S.
Department of Homeland Security;
TODD LYONS, Acting Director,
U.S. Immigration and Customs Enforcement;
PAMELA BONDI, Attorney General of
the United States; and GEORGE DEDOS,
Warden of Cibola County Processing Center,

       Respondents.

**ORDER DENYING ADDITIONAL RELIEF**

This matter comes before the Court on Petitioner Hari Singh's Status Report, which includes a request for immediate release after he was denied bond. Doc. 11. The Government submitted a Response, Doc. 12, and Petitioner submitted a Reply, Doc. 13. After considering the parties' briefing and a transcript of the bond hearing conducted on March 6, 2026 by IJ Samuel G. Williams, the Court **DENIES** Petitioner's request for immediate release.

On March 4, 2026, this Court issued an Order Granting in Part Petitioner's Habeas Petition. Doc. 10. The Order required Respondents to provide Petitioner with a bond hearing within seven days, at which the Government would "bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and/or a danger to the community in order to justify continued detention." *Id.* at 5. According to Petitioner's status report, a custody redetermination hearing was held on March 6, 2026, and bond was denied. Doc. 11 at 2.

In his status report, Petitioner seeks immediate release, alleging that at the court-ordered bond redetermination hearing, the IJ failed to shift the burden of proof to the government as

1

required by this Court's Order. In reply to objections from the Government, Doc. 12, Petitioner clarifies that his status report asked this Court to enforce its own Order, which he alleges the IJ did not follow. Doc. 13 at 2. The Court has reviewed the transcript from the bond hearing at issue in this matter and finds no indication in the recording that IJ Williams failed to follow its March 4, 2026 Order. The IJ has broad discretion to decide what factors to consider in making a custody determination. *Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006).[1] The shifted burden ordered by this Court did not require the Government to produce a specific type or quantity of evidence, nor did it dictate how the IJ must weigh the numerous factors that may be considered in determining if bond is appropriate. To the extent Petitioner believes the denial of bond was erroneous, his proper avenue for relief would be an appeal to the Board of Immigration Appeals ("BIA"), not this Court. The Court declines to step into the shoes of the BIA and review the merits of the IJ's decision. Accordingly, Petitioner's Emergency Motion to Enforce must be **DENIED**.

    **IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

---

[1] "Immigration Judges may look to a number of factors in determining whether [a noncitizen] merits release from bond, as well as the amount of bond that is appropriate. These factors may include any or all of the following: (1) whether the [noncitizen] has a fixed address in the United States; (2) the [noncitizen's] length of residence in the United States; (3) the [noncitizen's] family ties in the United States, and whether they entitle the [noncitizen] to resident permanently in the United States in the future; (4) the [noncitizen's] employment history; (5) the [noncitizen's] record of appearance in court; (6) the [noncitizen's] criminal record . . . ; (7) the [noncitizen's] history of immigration violations; (8) any attempts by the [noncitizen] to flee prosecution or otherwise escape from authorities; and (9) the [noncitizen's] manner of entry into the United States." *Matter of Guerra*, 24 I&N Dec. at 40 (citations omitted).