## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

HARI SINGH,

      Petitioner,

v.                                  No. 1:26-cv-00258-DHU-GJF

KRISTI NOEM, Secretary, U.S.
Department of Homeland Security;
TODD LYONS, Acting Director,
U.S. Immigration and Customs Enforcement;
PAMELA BONDI, Attorney General of
the United States; and GEORGE DEDOS,
Warden of Cibola County Processing Center,

      Respondents.

## <u>ORDER STRIKING PETITIONER'S AMENDED PETITION (DOC. 15)</u>

This matter comes before the Court on Petitioner Hari Singh's Amended Petition for Writ of Habeas Corpus, Doc. 15, filed *pro se* after the Court granted his original Habeas Petition and denied additional relief after an Immigration Judge denied bond. Docs. 10, 14.

Under the District of New Mexico's Local Rules of Civil Procedure, a party who is represented by an attorney may not personally make any filings, other than a notice of appeal, or represent himself unless otherwise ordered. D.N.M.LR-Civ 83.5. Mr. Singh was represented by counsel in this habeas proceeding, yet he appears to have filed this Amended Petition *pro se*. This would violate Local Rule 83.5 unless Mr. Singh is no longer represented by counsel. If the Amended Petition was, in fact, filed by Mr. Singh's attorneys, that would also violate the Local Rules, which require electronic filing of documents except those filed by *pro se* parties. D.N.M.LR-Civ. 5.1.

The status of Mr. Singh's representation by counsel, while unclear, is ultimately irrelevant because the Court has already resolved Petitioner's habeas case. Therefore, an amended or new

1

petition raising the same claims as before is subject to dismissal under 28 U.S.C. § 2244 ("A claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed.").

The Court will therefore **STRIKE** Petitioner's Amended Petition for a Writ of Habeas Corpus, Doc. 15, from the docket in this case.

The merits of Petitioner's original Habeas Petition have been resolved, and the time for Petitioner to file an application for attorney's fees has passed. *See* Doc. 10 (allowing 30 days from the date of the Court's Order to seek attorney's fees). The Court declines to entertain additional requests for relief in this case and will file a final judgment promptly.

**IT IS SO ORDERED.**

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

2