**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

HARI SINGH,

      Petitioner,

v.                                 No. 1:26-cv-00258-DHU-GJF

KRISTI NOEM, Secretary, U.S.
Department of Homeland Security;
TODD LYONS, Acting Director,
U.S. Immigration and Customs Enforcement;
PAMELA BONDI, Attorney General of
the United States; and GEORGE DEDOS,
Warden of Cibola County Processing Center,

      Respondents.

## ORDER CLARIFYING COURT'S ORDER STRIKING DOC. 15

This matter comes before the Court on Petitioner Hari Singh's Letter re Notice of Pro Se Representation and Case Clarification. Doc. 18. Seemingly in response to the Court's Order Striking his Amended Petition for Writ of Habeas Corpus, Doc. 15, Petitioner's letter clarifies that he is no longer represented by his previous attorney and intends to proceed *pro se*. In addition, Mr. Singh requests clarification from the Court on whether his newly submitted habeas petition should be assigned a separate case number. Lastly, the letter requests relief based on his worsening medical condition while in immigration custody.

Mr. Singh's letter confirms that he is proceeding *pro se*. As such, his filing of an Amended Petition[1] without an attorney did not, in fact, violate the District of New Mexico's Local Rules of Civil Procedure. Nevertheless, the Amended Petition raises largely the same claims as Petitioner's

---

[1] The Court recognizes that Mr. Singh did not necessarily intend to submit an Amended Petition but rather intended to file a new habeas action in this Court. For ease of reference, the Court will refer to the new petition filed, Doc. 15, as the "Amended Petition."

1

first Habeas Petition filed with this Court—namely, by challenging his denial of bond and continued detention. This Court already granted Petitioner's original Habeas Petition in part and ordered that he receive a bond hearing. Doc. 10. A custody redetermination hearing was held, and bond was denied. Doc. 11 at 2. This Court also already considered and rejected arguments that the bond hearing did not comply with its Order requiring a bond hearing. Doc. 14 ("The Court has reviewed the transcript from the bond hearing at issue in this matter and finds no indication in the [transcript] that IJ Williams failed to follow its March 4, 2026 Order."). Even with Mr. Singh's clarification letter, the duplicative claims in his Amended Petition still must be dismissed under 28 U.S.C. § 2244 ("A claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed.").

Petitioner's Amended Petition does raise one new claim, alleging that Cibola County Correctional Center has failed to provide him with adequate medical and mental health care. Doc. 15 at 6. His letter reiterates this concern and documents his worsening medical condition. Doc. 18 at 2. Unfortunately, a habeas action is not the appropriate avenue for challenging conditions of confinement, such as inadequate medical care. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) ("A habeas corpus proceeding attacks the *fact* or *duration* of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action [] attacks the *conditions* of the prisoner's confinement . . . ." (internal quotation omitted) (emphasis added)); *see also Basri v. Barr*, 469 F.Supp.3d 1063, 1066 (D. Colo. May 11, 2020) (denying habeas petition of immigration detainee who argued, in part, that release was warranted based on detention facility's inadequate steps to prevent spread of COVID-19). The proper vehicle for relief for Mr. Singh's claim alleging inadequate medical care is a civil rights

2

action brought under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) (for claims against federal actors). *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011).

The Court is sympathetic to the Petitioner's situation. However, with respect to the denial of bond, this Court has already explained why it cannot usurp the role of the Board of Immigration Appeals ("BIA") in reviewing the denial of bond. Doc. 14 at 2. Under 28 U.S.C. § 2244, this Court also cannot entertain the same claims brought in a previous habeas petition. Nor can the Court, under binding Tenth Circuit precedent, consider Mr. Singh's new claim alleging inadequate medical care. Should Petitioner wish to pursue his inadequate medical care claim, it must be filed in a traditional civil rights lawsuit, not a petition for writ of habeas corpus.

The Court therefore declines to assign a separate case number to Petitioner's Amended Petition and orders that it remain stricken from the docket. A final judgment was filed in this case on April 8, 2026. This case is now closed.

**IT IS SO ORDERED.**

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

3